# COURT OF APPEAL

# FIRST CIRCUIT

# 2019 CA 1607

*P M E by JEW*
*JEW*

## MARK MILLER #473135

## VERSUS

## W. SANDY MCCAIN, W. KEITH COOLY, MAJ. CRAIG LABORDE, CAP. KEON JAMES

**Judgment Rendered:** AUG 1 7 2020

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 671318, Sec. 22

Honorable Timothy E. Kelley, Judge Presiding

* * * * * *

Mark Miller
St. Gabriel, Louisiana

Plaintiff/Appellant
*In proper person*

Jonathan Vining
Louisiana Department of
Public Safety and Corrections
Baton Rouge, Louisiana

Counsel for Defendant/Appellee,
Louisiana Department of Public
Safety and Corrections

* * * * * *

**BEFORE: MCCLENDON, WELCH, HOLDRIDGE, JJ.**

Holdridge J. concurs w/ brief reasons

**MCCLENDON, J.,**

This is an appeal from a trial court judgment dismissing plaintiff's request for mandamus relief without prejudice. For the following reasons, we dismiss this appeal.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Mark Miller ("Miller"), is an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC"). On February 26, 2018, Miller allegedly tried to "conceal his medication underneath his upper top lip." Miller was given a direct order to swallow his medication, and as a result, Miller was written up for violating Disciplinary Rule Number 5 (Aggravated Disobedience), which requires offenders to "obey direct verbal orders cooperatively and promptly" without debating, arguing, or ignoring orders before obeying. La. Admin. Code tit. 22, pt. I, § 341(I). As a result, Miller was issued a reprimand. A disciplinary hearing was held on March 1, 2018, at the conclusion of which Miller was found guilty of Aggravated Disobedience. Miller appealed the decision to the Warden pursuant to La. Admin. Code tit. 22, pt. I, § 341(H)(1)(b). The Warden denied the appeal in a March 15, 2018 response.

On July 9, 2018, Miller filed a petition in the 19th Judicial District Court titled "Petition for Writ of Mandamus, Declatory [sic] Relief and Common Law Writ of Certiorari," which sought an order directing that the disciplinary board provide a complete record of all evidence for the trial court's review. Miller also sought a declaration that his disciplinary conviction be reversed and expunged from his record. Alternatively, Miller requested the 19th Judicial District Court remand the matter back to the disciplinary board "for a full fair hearing."[1] The Commissioner issued a screening report in accordance with La. R.S. 15:1178(B),[2]

---

[1] Though styled as a "Petition for Writ of Mandamus, Declatory [sic] Relief and Common Law Writ of Certiorari," Miller's petition is more properly classified as a petition for judicial review pursuant to La. R.S. 15:1177 as is evidenced by the relief requested.

[2] La. R.S. 15:1178(B) reads:

2

in which she recommended that Miller's appeal be dismissed at his cost for failure to state a cause of action.[3] The trial court, adopting the recommendation of the Commissioner, rendered a judgment on October 3, 2018, which provides, in pertinent part:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that the Petitioner's request for mandamus relief is dismissed without prejudice, without service on the Department, and at the Petitioner's costs in accordance with R.S. 15:1178, R.S. 15:1184-88 and R.S. 15:1177(A)(9), for failing to state a cognizable claim or cause of action for relief.

Miller filed a "Motion for Rehearing" and a "Notice of Intent/Motion for Appeal" on October 24, 2018. The trial court judge signed an order of appeal on December 20, 2018, prior to ruling on the "Motion for Rehearing." Soon after the record was lodged, this court, on its own motion, issued a rule to show cause order directing the parties to submit briefs as to whether the appeal should be dismissed due to prematurity as a result of the outstanding motion for rehearing, which the trial court treated as a motion for new trial. This court ultimately dismissed Miller's appeal pursuant to that show cause order on April 5, 2019.

The trial court denied the motion for new trial on May 20, 2019, and this timely appeal of Miller's petition for judicial review followed.

## SUBJECT MATTER JURISDICTION

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. **Advanced Leveling & Concrete Sols. v. Lathan Co., Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So. 3d 1044, 1046. Appeal is the exercise of the right of a party to have a

---

The court, as soon as practicable after receiving the petition, shall review the petition to determine if the petition states a cognizable claim or if the petition, on its face, is frivolous or malicious, or fails to state a cause of action, or seeks monetary damages from a defendant who is immune from liability for monetary damages.

[3] The Commissioner's screening report noted several major flaws to Miller's petition, including his failure to state a claim for mandamus relief; to raise a "substantial right" violation, as required by La. R.S. 15:1177; and to demonstrate that his request for judicial review is timely.

judgment of a trial court revised, modified, set aside, or reversed by an appellate court. La. Code Civ. P. art. 2082. Louisiana Code of Civil Procedure article 2083(A) provides that a final judgment is appealable. A final judgment is one that determines the merits in whole or in part. La. Code Civ. P. art. 1841.

A valid judgment must be precise, definite, and certain. **Advanced Leveling**, 268 So. 3d at 1046. Moreover, a final, appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Id.** These determinations should be evident from the language of the judgment without reference to other documents in the record. **Id.**

The October 3, 2018 judgment is defective as the exact nature of the relief granted is unclear. The Commissioner's screening report and the subsequent judgment based on the screening report were issued in accordance with La. R.S. 15:1178, which governs the judicial screening of petitions for judicial review such as the one filed herein. Louisiana Revised Statutes 15:1178(D) states that "the court may dismiss the petition, or any portion of the petition," if it determines that the petition fails to state a cause of action. The petition was titled "Petition for Writ of Mandamus, Declatory [sic] Relief and Common Law Writ of Certiorari," but the judgment only dismisses Miller's request for mandamus relief without prejudice. The judgment does not address the disposition of the remaining claims in Miller's petition, including the judicial review of the disciplinary action, nor does it dismiss the petition in its entirety. Therefore, the relief that is granted or denied is not evident from the language of the judgment without reference to other documents in the record.

Thus, because the judgment lacks sufficient decretal language, ascertainable from the four corners of the order or judgment, the ruling on which this appeal is based is not a final, appealable judgment. In the absence of

4

appropriate decretal language, the judgment is defective and cannot be considered a final judgment for purposes of appeal. Therefore, we are constrained to find that this court lacks appellate jurisdiction to review this matter, and the appeal must be dismissed.[4] See **Advanced Leveling**, 268 So. 3d at 1046-47.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal of the October 3, 2018 judgment for lack of subject matter jurisdiction. Assessment of appeal costs shall await final disposition of this matter.

**APPEAL DISMISSED.**

---

[4] Although we recognize that we have discretionary authority to convert an appeal from an interlocutory judgment to an application for supervisory writ, we may only do so if the motion for appeal is filed within the thirty-day time period allowed for the filing of an application for supervisory writ under Rule 4-3 of the Uniform Rules of Louisiana Courts of Appeal. See **KAS Properties, LLC v. La. Bd. of Supervisors for La. State Univ.**, 2014-0566 (La. App. 1st Cir. 4/21/15), 167 So. 3d 1007, 1010. In this case, Miller did not file his motion for appeal until after the expiration of the thirty-day period for filing an application for supervisory writ; accordingly, we decline to exercise our discretionary authority to convert this appeal to an application for supervisory writ.

MARK MILLER #473135

VERSUS

W. SANDY MCCAIN, W.
KEITH COOLY, MAJ. CRAIG
LABORDE, CAP. KEON JAMES

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1607



**HOLDRIDGE, J., concurring in the result.**

I respectfully concur in the result. I agree that this Court lacks subject matter jurisdiction to hear this appeal. However, I disagree that our lack of jurisdiction is due to a lack of decretal language in the trial court's judgment. In this case, the exact nature of the relief granted is not unclear. As stated in the majority opinion, "the judgment only dismisses Miller's request for mandamus relief without prejudice." The judgment contains proper decretal language; however, it is a partial judgment in accordance with La. C.C.P. art. 1915(B)[1], as it dismisses only one of the plaintiff's claims. As stated in the majority opinion, "[t]he judgment does not address the disposition of the remaining claims in Miller's petition, including the judicial review of the disciplinary action, nor does it dismiss the petition in its entirety." Clearly, this is a partial judgment that in accordance with La. C.C.P. art. 1915(B), "shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay." Article 1915(B)(2) further states that "[i]n the absence of such a determination and designation, any such

---

[1] Louisiana Code of Civil Procedure article 1915(B) states:

(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

order or decision shall not constitute a final judgment for the purpose of an immediate appeal." Therefore, I agree that the appeal should be dismissed because the judgment is not a final judgment for the purpose of an appeal. Furthermore, the trial court may revise the judgment at any time in accordance with La. C.C.P. arts. 1915(B)(1) and (2) since the judgment at issue is a non-certified interlocutory judgment.